IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-cv-00848 -FDW-DSC

| | |
|---|---|
| CARGILL, INCORPORATED,<br><br>     Plaintiff,<br>v.<br><br>WDS, INC, JENNIFER MAIER, and BRIAN EWERT,<br><br>     Defendants. | STIPULATED PROTECTIVE ORDER |

Plaintiff Cargill, Incorporated, and Defendants WDS, Inc., Jennifer Maier, and Brian Ewert seek the entry of this Stipulated Protective Order, so as to protect certain information produced and exchanged in this lawsuit. Plaintiff and Defendants are the parties to this Stipulated Protective Order and will hereinafter be referred to as the "SPO Parties" or "SPO Party." The Court, noting that the subject matter of discovery in this case may involve the production of records, business information, and pricing and customer data alleged to be confidential, ORDERS as follows:

## **ORDER**

**A.  Scope of Application**

    1.    This Stipulated Protective Order shall govern all documents designated as "CONFIDENTIAL" pursuant to (B)(4)(a) or "ATTORNEY'S EYES ONLY" pursuant to (B)(4)(b) below (whether in writing, electronic, magnetic and/or digital media or otherwise), testimony, discovery responses, and other materials, including all copies, excerpts, extracts and summaries thereof (collectively, "Material") produced, given, or filed during formal or informal discovery or other proceedings in this litigation.

2. Nothing in this Stipulated Protective Order shall govern Material obtained independent of the proceedings in this litigation, nor shall this Stipulated Protective Order apply to an SPO Party's use or disclosure of its own Material.

3. The provisions of this Stipulated Protective Order shall apply to the following persons: (a) the SPO Parties, including their officers, directors, in-house counsel, employees, and agents; (b) any other person producing or receiving Material in this litigation who agrees to be bound by the terms of this Stipulated Protective Order; and (c) all counsel of record in the litigation and their employees, staff, and vendors.

**B.  Designation of Documents or Other Material**

4. All Material may be designated as follows:

    a. "CONFIDENTIAL," by any SPO Party, or by a third party producing such Material, if the designating person believes in good faith and after a reasonable investigation and review of the Material that the Material discloses confidential information, private financial information, or other sensitive information; or

    b. "ATTORNEY'S EYES ONLY," by any SPO Party, or by a third party producing such Material, if the designating person believes in good faith and after a reasonable investigation and review of the Material that the Material discloses trade secrets or highly sensitive commercial information, including but not limited to customer or vendor pricing data.

    Either designation shall be made by placing a legend on the Material sufficient to identify it as entitled to confidential treatment in this litigation. All Material so designated shall be referred to in this Stipulated Protective Order as "Confidential Material."

- 2 -
US.109811099.01

5. No SPO Party shall be obligated to designate another SPO Party's Material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Rather, it is the right of any SPO Party to designate, within 15 days[1] after its production, any Material it deems "Confidential Material" pursuant to (B)(4)(a) or (b). The SPO Parties agree not to disclose Material to any non-parties to this litigation during this 15-day period. An SPO Party's failure to designate any Material with the confidentiality designations pursuant to the terms of this Order shall not be construed as a legal determination or an admission or acknowledgement that such Material is not confidential.

6. In the case of depositions, designation of the portion of the transcript which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or in writing within thirty (30) days after the delivery of the transcript by the court reporter to those who have ordered a copy. If a designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall write or stamp the appropriate designation—the word "CONFIDENTIAL" or the words "ATTORNEY'S EYES ONLY"—on the cover of the relevant portions of the transcript. The SPO Parties may modify this procedure by agreement for any particular deposition without further court order. If a confidentiality designation pursuant to the terms of this Order is made by an SPO Party after the deposition but within the thirty (30) day period described above,

---

[1] The term "days" as used in this Order shall mean calendar days, and periods of time stated is days or longer units of time shall be calculated as provided for in Rule 6(a) of the Federal Rules of Civil Procedure.

the designation shall be made by delivering to counsel for the SPO Parties a letter identifying the pages of the transcript being designated as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY." During the thirty (30) day period discussed above, the entire transcript shall be treated as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY." With the exception of court reporters, and subject to any other limitations provided by law, only those persons to whom this Stipulated Protective Order applies may attend any depositions taken in this litigation.

7. Nothing contained in this Stipulated Protective Order:

   a. shall affect the right of any SPO Party to make any objection or other response to discovery requests served on it;

   b. shall affect the right of any SPO Party to make any objection or other response to any question at a deposition;

   c. shall be construed as a waiver of any legally cognizable privilege to withhold any document or information, or of any right which an SPO Party may have to assert such privilege at any stage of the proceedings; or

   d. shall be construed to prejudice the right of any SPO Party to oppose the production of any Material on any ground allowed by law (including, without limitation, foreign privacy laws that are not adequately addressed by the protections contained in this Stipulated Protective Order).

**C. Limitations on Use of Confidential Material**

8. All Confidential Material produced by any SPO Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function.

9. Except with the prior written consent of the SPO Party or non-party that produced the Confidential Material, or upon prior order of this Court obtained upon notice to

such other SPO Party or non-party's counsel, Confidential Material designated "CONFIDENTIAL" shall not be disclosed to any person other than:

a. the SPO Parties, including an SPO Party's officers, directors, employees, and agents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation;

b. counsel for the SPO Parties, including employees of such counsel and vendors who have confidentiality obligations to such counsel;

c. expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is reasonably necessary in connection with this litigation;

d. any authors or original recipients of the "CONFIDENTIAL" Material;

e. the Court (including court reporters, stenographic reporters and court personnel), provided, however, that all pleadings or other filings which incorporate or disclose "CONFIDENTIAL" Material shall be labeled and submitted under seal pursuant to section D below; and

f. actual or potential non-party witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation.

10. Confidential Material designated "ATTORNEY'S EYES ONLY" may be disclosed without written consent from the SPO Party or non-party that produced it only to the following persons:

a. outside counsel for the for the SPO Parties, including employees of such outside counsel and vendors who have confidentiality obligations to such outside counsel;

b. expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is reasonably necessary in connection with this litigation;

c. the Court (including court reporters, stenographic reporters and court personnel), provided, however, that all pleadings or other filings which incorporate or disclose "ATTORNEY'S EYES ONLY" Material shall be labeled and submitted under seal pursuant to section D below;

d. a non-party witness who testifies at deposition or trial in this litigation, who shall be provided at the outset of his or her testimony a copy of this

Stipulated Protective Order on the record, but any such disclosure of Confidential Material designated "CONFIDENTIAL -ATTORNEY'S EYES ONLY" to a non-party witness shall be only to the extent necessary for the testimony. In such instance, the witness shall be bound by the provisions of this Stipulated Protective Order and shall be informed that he or she and his or her counsel, if any, are bound by the terms of this Stipulated Protective Order;

  e. in-house counsel and para-professionals for each SPO Party to the extent that such persons are assisting in the prosecution or defense of this litigation; and

  f. any other person specifically authorized by the Court.

11. Before any Confidential Material may be provided to any person discussed in subparagraphs 9(c), 9(f), or 10(b) above, each such person shall agree to be bound by this Stipulated Protective Order and execute the undertaking attached as Exhibit A to this Order.

12. Any person receiving Confidential Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

**D. Filing with the Court**

13. Confidential Material shall not be filed with the Court unless the Confidential Material is filed along with a motion to file under seal in accordance with Rule 26 of the Federal Rules of Civil Procedure and any applicable local rules (*e.g.*, LCvR 6.1 of the Western District of North Carolina). This Stipulated Protective Order does not provide for the automatic sealing of Confidential Material.

**E. Objections and Limitations to Confidential Material Designation**

14. If an SPO Party contends that any Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is not entitled to such treatment, that SPO Party may at any time give written notice challenging the designation (the "Challenging

SPO Party") to the SPO Party or non-party that designated the Material (the "Designating Party") as Confidential Material. The Designating Party shall respond to the written notice challenging the designation within fifteen (15) days, or within such other period of time as may be agreed upon by the Challenging SPO Party and the Designating Party. If the Designating Party refuses to remove the applicable designation and the Challenging SPO Party and the Designating Party are unable to resolve their dispute, the Challenging SPO Party may file a motion challenging the designation with the Court. All Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be treated as Confidential Material during the pendency of any motion brought pursuant to this paragraph or until the Designating Party withdraws the applicable designation in writing.

15. An SPO Party's designation of Confidential Material shall not be construed as a legal determination or an admission or acknowledgement by any other party that information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is, in fact, confidential (except under the specific terms of this Order) or a trade secret.

16. A failure to object to or challenge an SPO Party's designation of information as Confidential Material shall not be construed as a legal determination or an admission or acknowledgement by any other party that information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is, in fact, confidential (except under the specific terms of this Order) or a trade secret.

**F.     Confidentiality Designation After Case Disposition**

US.109811099.01

17. All provisions of this Order restricting the communication or use of Confidential Material shall continue to be binding in perpetuity after the conclusion of this action, unless otherwise agreed or ordered.

18. Following the final adjudication, or resolution through settlement, of this litigation, counsel for the SPO Parties shall, within thirty (30) days from counsel's receipt of a written request, assemble and return to each other all documents, materials, and deposition transcripts for which a confidentiality designation is maintained hereunder through such date, and all copies of same, or shall certify the destruction thereof; provided, however, that counsel for any SPO Party shall be entitled to retain pleadings, memoranda, declarations, motions, exhibits, affidavits, or deposition transcripts that attach, contain, or refer to such designated material, but only to the extent necessary to preserve a file with respect to this action.

**G. Inadvertent Failure to Designate Material**

19. The production or disclosure of any Confidential Material that is inadvertently not designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not constitute a waiver of the producing or disclosing person's right to subsequently designate such Material as "Confidential Material" and to demand the immediate return of such Material, and any and all copies thereof, for replacement with identical Material bearing the appropriate confidentiality designation. Once an SPO Party has been notified that Material not originally designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" will subsequently be designated as Confidential Material, the SPO Party must act in accordance with the provisions of this Stipulated Protective Order with respect to such Confidential Material.

**H.     Other Requirements**

   20.   This Stipulated Protective Order is for discovery purposes only and has no effect on the merits of this dispute. This Stipulated Protective Order does not confer any substantive rights or limit any substantive rights of any party.

   21.   Any markings designating a document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to (B)(4)(a) or (B)(4)(b) of this Order must be removed from the document at the time of trial so as not to prejudice or mislead the jury. The final determination concerning the use and treatment of any Confidential Material at trial shall be addressed by the Court and the SPO Parties in connection with the pre-trial conference.

   22.   Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of an SPO Party or non-party to seek relief for an inadvertent disclosure of Material protected by privilege or work product protection.

   23.   If at any time any Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and governed by this Stipulated Protective Order is subpoenaed or requested by a court, an administrative or legislative body, or any other person purporting to have authority to require the production of such Material, the person to whom the subpoena or request is directed shall give to the person who designated the Material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" both a prompt written notice (including via email) and a copy of the subpoena or request, if permitted by law. The person seeking to maintain the confidentiality designation shall have the sole responsibility for objecting to the subpoena or request and obtaining any order it believes necessary to prevent production of any Confidential

Material. If a timely objection is asserted by the person who designated the Confidential Material, the person to whom the subpoena or request is directed shall not produce the Confidential Material—if permitted by law—unless and until the objection to production is overruled by a court of competent jurisdiction.

24. This Stipulated Protective Order shall be effective immediately upon signature by counsel of the SPO Parties pending submission to and entry by the Court (even if it is not entered), and all SPO Parties agree that the Court may enforce the terms of this Stipulated Protective Order.

**SO ORDERED.**

Signed: January 26, 2017

_____
David S. Cayer
United States Magistrate Judge

Effective Date: January 25, 2017.

/s/ Dasha Ternavska
Jacob D. Bylund (*admitted pro hac vice*)
jacob.bylund@faegrebd.com
Dasha Ternavska (*admitted pro hac vice*)
dasha.ternavska@faegrebd.com
**FAEGRE BAKER DANIELS LLP**
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8011
Telephone: (515) 248-9000
Fax: (515) 248-9010

Christine R. M. Kain (*admitted pro hac vice*)
christine.kain@faegrebd.com
90 South 7th Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600

/s/ Jeffrey S. Southerland
Jeffrey S. Southerland
N.C. Bar No. 34221
jsoutherland@tuggleduggins.com

Richard W. Andrews
N.C. Bar No. 44177
randrews@tuggleduggins.com

Denis E. Jacobson
N.C. Bar No. 13559
djacobson@tuggleduggins.com

**TUGGLE DUGGINS P.A.**
P.O. Box 2888
Greensboro, NC 27402
Telephone: 336-378-1431
Facsimile: 336-274-6590

| | |
|---|---|
| **-AND-** | *Attorneys for Defendants WDS, Inc., and Brian Ewert* |
| */s/ Edward F. Hennessey IV*<br>Edward F. Hennessey IV<br>N.C. Bar No. 15899<br>thennessey@robinsonbradshaw.com<br><br>Fitz E. Barringer<br>N.C. Bar No. 42679<br>fbarringer@robinsonbradshaw.com<br><br>**Robinson, Bradshaw & Hinson, P.A**.<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>Telephone: 704-377-2536<br>Facsimile: 704-378-4000<br><br>*Attorneys for Plaintiff, Cargill, Incorporated* | */s/ Alan M. Ruley*<br>Alan M. Ruley<br>N.C. Bar No. 16407<br>aruley@belldavispitt.com<br><br>Andrew A. Freeman<br>N.C. Bar No. 41248<br>afreeman@belldavispitt.com<br><br>**BELL, DAVIS & PITT, P.A.**<br>P.O. Box 21029<br>Winston-Salem, NC 27120-1029<br>Telephone: 336-722-3700<br>Facsimile: 336-722-8153<br><br>*Attorneys for Defendant Jennifer Maier* |

# EXHIBIT "A"

CERTIFICATE OF ACKNOWLEDGMENT OF AGREEMENT
CONCERNING CONFIDENTIAL MATERIAL

I declare that:

I have been given a copy of and have read the Stipulated Protective Order relating to Case No. 3:16-cv-00848 -FDW-DSC, pending in the United States District Court for the Western District of North Carolina, styled *Cargill, Incorporated, v. WDS, Inc., et al*. I agree to abide by the Stipulated Protective Order and not to reveal or otherwise communicate to anyone the Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that is disclosed to me except in accordance with the terms of the Stipulated Protective Order. I further agree that, upon termination of this action, I shall return all Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or information provided to me, including copies and excerpts thereof, pursuant to the terms of the Stipulated Protective Order. I acknowledge that any violation of the Stipulated Protective Order may cause damages and irreparable harm to the SPO Parties, and that I may be liable to the SPO Parties, or any one of them, for such damages.

Dated:_____

_____
Signature of Declarant

_____
Printed Name

_____
Street Address

_____
City/State

_____
Telephone Number

US.109811099.01