# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WDS, INC., JENNIFER MAIER, AND ) | |
| BRIAN EWERT, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel … " (document #69) and "Motion to Expedite …" (document #71), both filed July 24, 2017, "First Motion of Plaintiff for Protective Order" (document #82) filed August 10, 2017, "Defendants' WDS, Inc. and Brian Ewert's Motion to Compel Discovery and for Order to Show Cause" (document #99) filed August 22, 2017, and "Plaintiff's Motion for Expedited Resolution of Their Motion for Sanctions …" (document #107) filed September 8, 2017.

The Court has carefully reviewed the parties' Motions, briefs, and exhibits, as well as the record and authorities.

The present discovery dispute arises from the parties' failure to comply with this Court's Order entered on July 11, 2017.[1]

During a telephone conference held that date, the Court heard from the parties on several discovery matters including Plaintiff's allegation that Defendant Ewerts improperly purged his

---

[1] Defendant Maier is not involved in this discovery dispute.

email account and was therefore unable to produce certain responsive documents. Accordingly, the Court ordered that any party who was unable to make full production must provide a detailed explanation in a verified response. Following the telephone conference, the Court entered the following Order:

> The parties' respective objections to responding to discovery are overruled. Each party shall fully and completely respond to the opposing party's discovery requests within 30 days of this Order. If a party contends that it has made full production previously it shall so state in a verified discovery response. <u>If a party contends it is unable to respond it shall provide a detailed explanation in a verified discovery response</u>. SO ORDERED.

Minute Order entered July 11, 2017 (emphasis added).

Rather than await Defendants' response to the Order, Plaintiff filed its "Motion to Compel … " (document #69) and "Motion to Expedite …" (document #71) on July 24, 2017. Plaintiff argues that those Motions were proper because in the interim, defense counsel informed them that nothing more would be produced. This argument misses the point. The Court's Order provided a deadline for each party to make full production or formally explain why it was unable to do so. Accordingly, Plaintiff's premature Motion to Compel will be <u>denied</u>.

Plaintiffs' Motion for Protective Order and Defendants' Motion to Compel merely rehash arguments the Court considered during the telephone conference. Accordingly, these Motions will be <u>denied</u>.

<u>The Court warns the parties that the July 11, 2017 Order remains in effect</u>. Specifically, their objections to providing full and complete discovery responses are overruled.

The Court will resolve "Plaintiff's for Sanctions …" (document #106) when it has been fully briefed. Accordingly, Plaintiff's Motion to Expedite hearing of that Motion will be <u>denied</u>.

**FOR THESE REASONS, IT IS HEREBY ORERED** that:

1. Plaintiff's "Motion to Compel … " (document #69) and "Motion to Expedite …" (document #71), "First Motion of Plaintiff's for Protective Order" (document #82), "Defendants' WDS, Inc. and Brian Ewert's Motion to Compel Discovery and for Order to Show Cause" (documents #99), and "Plaintiff's Motion for Expedited Resolution of Their Motion for Sanctions …" (document #107) are **DENIED**.

2. To the extent that any party has not produced responsive material during the pendency of these Motions, that party shall make full and complete production within fifteen days of this Order. To the extent that any party has failed to provide any other response required by the July 11, 2017 Order, that response shall be made within fifteen days of this Order.

3. The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED**.

Signed: September 14, 2017

David S. Cayer
United States Magistrate Judge