# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INCORPORATED and CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WDS, INC., JENNIFER MAIER, AND BRIAN EWERT, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiffs' Motion for Sanctions Against [Defendants] WDS/Ewert Including Continuance of Plaintiffs' Discovery Deadline" (document #106) and the parties' briefs and exhibits.[1]

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the parties' submissions, as well as the record and authorities. For the reasons stated in Plaintiffs' briefs, the Court respectfully recommends that the Motion be **GRANTED** and sanctions imposed as set forth below.

In their Motion, Plaintiffs credibly allege that Defendants' discovery conduct has been objectively deficient and dilatory. It appears that Defendants did not put a litigation hold in place.

---

[1] Defendant Maier is not involved in this discovery dispute.

Rather, Defendant Ewert purged a personal email account that contained responsive information. Defendants also failed to gather information responsive to Plaintiffs' discovery requests. Finally, after the Government seized hundreds of boxes of documents and terabytes of electronic information, Defendants failed to credibly communicate with Plaintiffs and the Court about the information seized, whether it had been returned to them, and the extent to which Defendants' ability to comply with their ongoing discovery obligations had been compromised.

Plaintiffs seek sanctions under Rules 11, 26, and 37, as well as the Court's inherent powers. See Fed. R. Civ. P. 11 (sanctions for unsupported contentions or denials, and for dilatory submissions); Fed. R. Civ. P. 26 (mandatory sanctions for inadequate discovery responses, dilatory objections, and incomplete disclosures); Fed. R. Civ. P. 37 (sanctions for not preserving ESI and deficient disclosures); and Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (court's inherent powers).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiffs' Motion for Sanctions Against [Defendants] WDS/Ewert Including Continuance of Plaintiffs' Discovery Deadline" (document #106) be **GRANTED** and that sanctions be imposed as determined by the District Judge.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: October 2, 2017

David S. Cayer
United States Magistrate Judge