UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL. INC., and CARGILL MEAT SOLUTIONS, CORP., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>WDS, INC., JENNIFER MAIER, and BRIAN EWERT, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on Defendant Jennifer Maier's Motion to Stay (Doc. No. 162). Plaintiff has responded in opposition to the motion (Doc. No. 172), and Defendant Maier has replied (Doc. No. 173). For the reasons that follow, the Court DENIES the motion to stay.

In a short order, this Court denied Defendant Maier's "Motion to Dismiss, Transfer, or Stay or Alternatively to Require More Definite Statement," Doc. No. 62. (Doc. No. 133). In support of her motion, Maier submitted a memorandum of law (Doc. No. 63), most of which was dedicated to her argument the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. See Doc. No. 63, pp. 7-18. Maier's short, two-page argument requesting dismissal or a stay pending arbitration began, "*To the extent CMS is pursuing any claims* based on purchase orders that it issued to WDS or that otherwise arise out of or are *related to contracts between CMS and WDS*, those claims are subject to mandatory forum selection clauses or arbitration provisions." (Doc. No. 63, p. 18 (emphasis added)). Nowhere in her two pages of argument does Maier identify any specific arbitration provision applicable to the claims against her; and Maier wholly fails to present any applicable law in support of her request to enforce the arbitration provision. Indeed,

1

Maier's own argument is speculative, at best, as recognized by her use of the language "to the extent CMS is pursuing claims . . . ." (Doc. No. 63, pp. 18, 20). Moreover, Maier acknowledged the limited impact, if any, of the arbitration provision in this instant litigation because she explicitly stated in her brief, "This motion is not to be construed as consent for arbitrating disputes not otherwise governed by mandatory arbitration provisions." (Doc. No. 63, p. 20, n. 11). Plaintiffs responded in opposition to Maier's motion, arguing the venue and arbitration provisions relied on by Maier were inapplicable here because Maier was not a party to the arbitration provision. Plaintiffs also noted Maier had previously specifically admitted "[T]his answering defendant does not contest that venue is proper in this judicial district." (Doc. No. 76, p. 6 (citing Maier Answ. ¶ 6)). For these reasons, the Court summarily denied Maier's request to suddenly enforce an arbitration provision that she had not adequately shown applicable to her either as a matter of fact or of law. (Doc. No. 133). The Court's ruling was without prejudice to Maier's ability to reassert her arguments at summary judgment in the event sufficient evidence obtained throughout the discovery process showed the arbitration provision applied to any specific claim against her. Id.

Maier appealed this Court's order to the Fourth Circuit and now seeks a stay pending appeal. The Court DENIES her motion to stay for several reasons. First, as noted above and for the reasons explained in Plaintiffs' pleadings, Docs. Nos. 76, 172, Maier is not a party to the arbitration agreement she references, and she has not sufficiently demonstrated she is entitled to enforce the arbitration provision before this Court or on appeal. As the Supreme Court has explained:

> The principal purpose of the [Federal Arbitration Act ("FAA")] is to ensure that private arbitration agreements are enforced according to their terms. This purpose is readily apparent from the FAA's text. [9 U.S.C. § 2.] Section 2 makes arbitration agreements valid, irrevocable, and enforceable as written (subject, of course, to the

saving clause); § 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims in accordance with the terms of the agreement; and § 4 requires courts to compel arbitration in accordance with the terms of the agreement" upon the motion of either party to the agreement (assuming that the making of the arbitration agreement or the failure . . . to perform the same is not at issue). In light of these provisions, we have held that parties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom a party will arbitrate its disputes.

AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344, 131 S. Ct. 1740, 1748–49, 179 L. Ed. 2d 742 (2011) (citations and quotations omitted). This Court recognizes that "a litigant who was not a party to the relevant arbitration agreement may invoke § 3 if the relevant state contract law allows him to enforce the agreement." Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 632, 129 S. Ct. 1896, 1903, 173 L. Ed. 2d 832 (2009). Maier, however, has failed to present facts or applicable law sufficient to show she is entitled to enforce the arbitration provision in accordance with the terms of the agreement. Maier simply relies on the fact the addition of Cargill Meat Solutions, Corporation ("CMS") as a plaintiff here invoked the mandatory arbitration provision contained in an agreement between CMS and Defendant WDS, Inc– another defendant here, not represented by Maier or her counsel. Notwithstanding this assertion, Maier has consistently failed to state with any particularity the specific claims to be arbitrated or how the specific terms of the arbitration agreement apply in this instance.

Second, it appears to this Court that Maier is strategically using the arbitration provision to delay resolution of this case, despite her express acknowledgement that the purported arbitration agreement *possibly* affects only a discrete *portion* of the claims here. Even presuming the arbitration agreement applies to her, Maier's briefs in support of her original motion and the instant motion to stay fail to indicate with specificity any precise claim to be resolved by arbitration or how arbitration would impact the remaining claims among her and the other parties to this case.

Using language such as "to the extent CMS is pursuing claims" against WDS is speculative, at best. It bears repeating Maier expressly *concedes* the arbitration provision does not entirely divest this Court of jurisdiction, see Doc. No. 63, p. 20, n. 11, which further indicates a reason for this Court to proceed with trial as scheduled and not delay a resolution on the merits of the claims at issue here.

Considering these two reasons collectively, particularly the timing of this last minute attempt to stay the impending trial, the Court finds Maier's appeal is a frivolous attempt to avoid a final disposition of the merits of this case. Levin v. Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011) ("[A]n appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited."). Nothing in the record or governing law provides a basis for Maier's enforcement of the arbitration agreement on any claims against *her*, and this Court is not inclined to stall this case on the eve of trial while Maier pursues her meritless appeal. By certifying this appeal as frivolous, a stay is not required. Id. (noting that a stay pending appeal is required absent a district court ruling that the appeal is frivolous).

IT IS THEREFORE ORDERED that Defendant Maier's Motion to Stay (Doc. No. 172) is DENIED.

IT IS SO ORDERED.

Signed: December 13, 2017

Frank D. Whitney
Chief United States District Judge