UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INC., and CARGILL MEAT SOLUTIONS, CORP., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) ORDER<br>) |
| WDS, INC., JENNIFER MAIER, and BRIAN EWERT, | )<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER is before the Court on Defendant Jennifer Maier's Objection to Magistrate's Order entered on December 1, 2017. (Doc. No. 170). The Order by the magistrate judge (Doc. No. 158) granted Plaintiffs' Motion for Leave to Amend First Amended Complaint (Doc. No. 130) (the "Order"). Defendant Maier timely filed her appeal of the Order on December 7, 2017. (Doc. No. 170). The Court issues this order to memorialize its implicit rejection of Defendant Maier's Objection (Doc. No. 170) and its affirmation of the Order (Doc. No. 158).

The district court may, in its discretion, assign to a magistrate judge non-dispositive pretrial matters pending before the court. 28 U.S.C. § 636(b)(1)(A). A motion to amend the complaint is generally a non-dispositive motion and reviewed under Rule 72(a). See e.g., Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007); Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998); Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993); United States Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1102 (9th Cir. 1985); see also 28 U.S.C. § 636(b)(1)(A). When assigned non-dispositive pretrial matters, the magistrate judge hears and decides the matter. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Findings of fact and

1

conclusions of law are not required for non-dispositive motions.  New York v. Mountain Tobacco Co., 953 F. Supp. 2d 385, 389 (E.D.N.Y. 2013).  The magistrate judge's order constitutes a final adjudication regarding the non-dispositive pretrial matters, "unless the district court takes some action to overrule it."  United Steelworkers of Am. v. New Jersey Zinc Co., 828 F.2d 1001, 1005 (3d Cir. 1987).  When reviewing a timely appeal of a magistrate judge's order on a non-dispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  The district court "[cannot] modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.'"  Everett v. Prison Health Services, 412 F. App'x 604, 605 n.2 (4th Cir. 2011) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).  A district court's failure to explicitly rule on arguments raised in a Rule 72(a) objection can be an implicit denial of the arguments and a refusal to overrule the magistrate judge's order.  See U.S. v. Benenhaley, 240 F. App'x 581, 582 n.* (4th Cir. 2007) (citing Miller v. Auto. Club of N.W., Inc., 420 F.3d 1098, 1117 (10th Cir. 2005); Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 219-20 (5th Cir. 2000)).

Through its rulings on other motions and its act of presiding over the trial in this case, the Court implicitly denied Defendant Maier's Objection.  To clarify the record, the Court explicitly denies Defendant Maier's Objection (Doc. No. 170) herein.  Upon review and consideration of the submissions of the parties and the Order, the Court cannot conclude that the Order is clearly erroneous or contrary to law.  The Order entered on December 1, 2017, through its language and incorporation of Plaintiffs' briefs, provides proper grounds and analysis for granting Plaintiffs' Motion for Leave to Amend First Amended Complaint as to all Defendants, including Defendant Maier, pursuant to Rule 15 and 16 of the Federal Rules of Civil Procedure.

THEREFORE, the Order entered on December 1, 2017 (Doc. No. 158) is AFFIRMED.

IT IS SO ORDERED.

Signed: February 5, 2018

Frank D. Whitney
Chief United States District Judge