UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INC., and CARGILL MEAT SOLUTIONS, CORP., ) ) ) Plaintiffs, ) ) vs. ) ) WDS, INC., JENNIFER MAIER, and ) BRIAN EWERT, ) ) Defendants. ) ) | ORDER |

THIS MATTER is before the Court on the Memorandum and Recommendation entered on October 2, 2017 (Doc. No. 123) ("M and R") recommending this Court grant Plaintiffs' Motion for Sanctions Against WDS/Ewert Including Continuance of Plaintiffs' Discovery Deadline (the "First Motion for Sanctions") (Doc. No. 106). Defendants WDS, Inc. and Brian Ewert timely filed an objection to the M and R on October 16, 2017 (the "Objection"). (Doc. No. 125).[1]

Plaintiffs' First Motion for Sanctions was filed on September 8, 2017. The Motion alleged sanctionable conduct by Defendant WDS and Ewert under Rules 11, 26, and 37 and sought "a Court-enforced remediation plan, with a certification of completion by Defendants, and 75 days for Cargill to review and use the information in depositions." (Doc. No. 106). The First Motion for Sanctions was referred to the magistrate judge to make findings of fact, conclusions of law,

---

[1] The Court has determined that it can proceed on this matter despite Defendant Maier's filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code. See Gilchrist v. General Electric Capital Corp., 262 F.3d 295, 303 (4th Cir. 2001); (Doc. No. 319). Although Maier filed a response to Plaintiffs' First Motion for Sanctions (Doc. No. 115), Plaintiff explicitly stated that Defendant Maier was not subject to the Motion (Doc. No. 106). Maier also did not file an objection to the M and R. Further, 11 U.S.C. § 362(a) only imposes a stay against a continuation of a judicial action "against the debtor."

1

and to recommend the disposition of the Motion pursuant to 28 U.S.C. § 636(b).[2] On October 2, 2017, an order recommending that Plaintiff's First Motion for Sanctions be granted and that sanctions be imposed as determined by the undersigned was entered by the magistrate judge. (Doc. No. 123). Defendants WDS and Ewert timely objected to findings of fact and conclusions of law in the M and R. (Doc. No. 125). On December 18, 2017, Plaintiffs moved for terminating sanctions against all Defendants and an award of damages pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and the Court's inherent powers (the "Second Motion for Sanctions"). (Doc. No. 187). Since then, this case has proceeded to trial and the jury rendered a verdict on January 22, 2018. As this matter is now before the Court following trial, Plaintiffs' First Motion for Sanctions seeking "a Court-enforced remediation plan, with a certification of completion by Defendants, and 75 days for Cargill to review and use the information in depositions" is now moot.

Therefore, the Court DENIES AS MOOT Plaintiffs' First Motion for Sanctions (Doc. No. 106) without prejudice to Plaintiffs' Second Motion for Sanctions or to any sanctions not mooted and sought in Plaintiffs' First Motion for Sanctions. Accordingly, the Court also REJECTS AS MOOT the Memorandum and Recommendation entered on October 2, 2017 (Doc. No. 123).

IT IS SO ORDERED.

Signed: February 6, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] Plaintiffs' First Motion for Sanctions fell outside the scope of civil pretrial motions pertaining to discovery referred to magistrate judges for disposition under the undersigned's standing order. (See 3:06-mc-83, Doc. No. 2).