UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

CARGILL, INC., and CARGILL MEAT ) 
SOLUTIONS, CORP., )
)
    Plaintiffs, )
)
vs. )               ORDER
)
WDS, INC., JENNIFER MAIER, and ) 
BRIAN EWERT, )
)
    Defendants. )
)

THIS MATTER is before the Court on Plaintiffs and Judgment Creditors Cargill, Inc. and Cargill Meat Solutions, Corp.'s (the "Judgment Creditors") Objection to Notice to Claim Exempt Property (the "Objection") (Doc. No. 355) filed by Debtor and Defendant Brian Ewert (the "Debtor") (Doc. No. 352). Having reviewed the parties' submissions, heard the arguments of counsel at a hearing on April 11, 2018, and considered the relevant legal authority, the Court GRANTS the Objection and DENIES the Debtor's "Notice to Claim Exempt Property (Statutory Exemptions)" (Doc. No. 352). The Court finds and concludes as follows:

1.    After judgment was entered, the Judgment Creditors filed a "Request for Clerk to Issue Notice to Debtor of Right to Have Exemptions Designated" as to Debtor Brian Ewert on February 7, 2018 (Doc. No. 331).

2.    The Clerk issued the "Notice of Right to Have Exemptions Designated" (the "Notice") on February 8, 2018 (Doc. No. 332), and the Judgment Creditors served the Debtor on February 12, 2018 with a copy of the Notice. (Doc. No. 339).

1

3.  On March 2, 2018, the Debtor moved to designate exempt property by filing a "Notice to Claim Exempt Property (Statutory Exemptions)" (Doc. No. 352).

4.  The Debtor did not file with the Court a list of assets or provide their location when he filed his motion to designate exempt property or at any time since.

5.  On March 12, 2018, the Judgment Creditors timely objected to the motion to designate exempt property, including for the Debtor's failure to file a list of assets. (Doc. No. 355). Accordingly, the Judgment Creditors requested that the Court deny the Debtor's motion to designate exempt property.

6.  After the Debtor was ordered to file a response, the Debtor filed a response to the Judgment Creditors' Objection on April 9, 2018.

7.  The Court held a hearing on the Objection on April 11, 2018.

8.  The Debtor has failed to comply with the statutory requirement for timely moving for statutory exemptions under N.C. Gen. Stat. § 1C-1603 by failing to file a listing of assets and their location. N.C. Gen. Stat § 1C-1603(c), (d), (e).

9.  By failing to timely move for statutory exemptions with a list of assets pursuant to N.C. Gen. Stat. § 1C-1603, the Debtor has waived his right to designate statutory exemptions. N.C. Gen. Stat. §§ 1C-1601(c), 1C-1603(e)(2).

10. The Debtor has had sufficient time to address the Judgment Creditors' Objection, has failed to do so, and gives the Court no cause to believe that an extension of time would result in compliance.

THEREFORE, based on the Court's findings, the Court ORDERS, ADJUDGES, AND DECREES the Debtor has waived his right to have statutory exemptions designated as to this execution and designates no property as exempt.  N.C. Gen. Stat. § 1C-1603(e)(9).[1]

IT IS SO ORDERED.

Signed: April 11, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] This Order in no way impacts the Debtor's right to claim statutory exemptions on subsequent executions or constitutional exemptions.  Household Finance Corp. v. Ellis, 419 S.E.2d 592 (N.C. Ct. App. 1992).  Further, it does not impact the Debtor's right to move for modification of this Order.  See N.C. Gen. Stat. § 1C-1603(g).