UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INCORPORATED, and CARGILL MEAT SOLUTIONS CORPORATION, </br></br>    Plaintiffs, </br></br>vs. </br></br>WDS, INC., JENNIFER MAIER, and BRIAN EWERT, </br></br>    Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Post-Judgment Discovery against WDS (the "Motion to Compel") (Doc. No. 367) and the Court's Order, entered April 11, 2018 (Doc. No. 372), requiring Plaintiffs and Defendant WDS, Inc. ("WDS") to meet and confer and tender a proposed order to the Court regarding Plaintiffs' Motion to Compel.

Plaintiffs and WDS have conferred and have agreed to the provisions set forth under subheading I. The Court addresses the remaining disputed matters under subheading II and III.

I.

As agreed to by the Parties, on or before April 27, 2018, WDS, shall complete its production to Plaintiffs of all documents and information responsive to Plaintiffs' outstanding post-judgment requests for production, including, without limitation, all 1099s and W-2s referenced in Defendant WDS, Inc.'s Response to Plaintiffs' Motion to Compel (Doc. No. 370) and all hard copy bank statements. In addition, on or before June 1, 2018, WDS will make all boxes of hard copy documents stored at Morningstar Storage in Lake Wylie, South Carolina, available for Plaintiffs to inspect and copy.

Until further Order of the Court, except in response to lawful execution proceedings, including the Writ of Execution issued in this matter (Doc. No. 335), WDS is enjoined from selling, transferring, or otherwise disposing of its assets without Plaintiffs' prior written consent. To the extent that it has not already done so, WDS shall by April 27, 2018 inform Plaintiffs of the location of all WDS's tangible assets.

II.

a. Emails

WDS will produce by May 4, 2018 non-privileged emails (including any email between entities on different sides of a transaction, such as WDS and DLP) and non-privileged documents in the possession of its counsel, dated from January 1, 2016 to the present, that relate to the transfer, sale, or value of WDS's assets, including but not limited to, transfers to any entity owned in whole or in part or controlled by Brian Ewert.[1]  Counsel shall provide a privilege log ("Privilege Log") for: (1) any document that is related to the sale, transfer or value of WDS's assets; (2) withheld on the basis of privilege; and (3) dated after December 16, 2016, the date the instant action was filed. The Privilege Log shall include details of the withheld document not limited to from, to, cc, bcc, author, file name, subject, date sent, date created, date last modified, and basis for claim of privilege, and may be provided two weeks after the production of documents.

WDS's proposal to require Plaintiffs to review WDS's emails for purposes of evaluating WDS's privilege is overruled.  WDS has not moved for a protective order and has not shown any grounds justifying shifting the burden of reviewing the emails, identifying responsive emails, and asserting privileges to the party requesting discovery.  See Fed. R. Civ. P. 26(c)(1); see generally

---

[1]  Cargill's Motion to Compel and this Order are directed at WDS.

N.L.R.B. v. Interbake Foods, LLC, 637 F.3d 492, 501 (4th Cir. 2011) ("A party asserting privilege has the burden of demonstrating its applicability."). By limiting this request for production to emails dated after January 1, 2016, Plaintiffs have tailored their request of production to matters relevant to post-judgment proceedings. Evidence at trial supports the relevance of these post-January 1, 2016 transfers of WDS's assets to post-judgment proceedings. Further, given counsel's representation of WDS in this litigation and prior to this litigation and the relevance of the requested documents to the trial, the Court finds the deadline for production of May 4, 2018 to be reasonable and appropriate.

      b. Interrogatories

Plaintiffs' Motion to Compel and First Set of Post Judgment Interrogatories to WDS, Inc. (the "Interrogatories") indicate that Plaintiffs sought discovery under Federal Rules of Civil Procedure 26, 33, and 69 and accordingly move to compel answers to the post-judgment interrogatories under Rule 37(a) of the Federal Rules of Civil Procedure. (Doc. Nos. 367, 367-3). Although Plaintiffs may obtain discovery "[i]n aid of the judgment or execution . . . as provided . . . by the procedure of the state where [this Court] is located[,]" Fed. R. Civ. P. 69(a)(2), Plaintiffs have not shown this Court that it sought discovery under state procedure, see N.C. Gen. Stat. § 1-352, et. seq. Therefore, at this time, the Court only considers Plaintiffs' request for a motion to compel under the Federal Rules of Civil Procedure.

At the hearing on April 11, 2018 and in the parties' proposed order, WDS's counsel represented that Counsel for WDS in good faith attempted but did not obtain a sworn verification of WDS's answers to the Interrogatories. Counsel for WDS represents that it requested verification from Jennifer Maier, Brian Ewert, and Ramey Millett, but all have refused. Although this Court

3

is aware that there is an ongoing federal criminal investigation, the mere refusal of Maier, Ewert, and Millet to answer and sign does not excuse the corporation WDS from answering and signing its answers to Plaintiffs' Interrogatories in accordance with Fed. R. Civ. P. 33(b). "[S]ervice of the interrogatories oblig[ates] the corporation to 'appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation.'" United States v. Kordel, 397 U.S. 1, 8 (1970) (citations omitted). A corporation's answer may be answered and signed by any officer or agent of the corporation. Fed. R. Civ. P. 33(b)(1)(B), (b)(5). WDS's counsel has not declared or demonstrated that Maier, Ewert, and Millet have asserted their Fifth Amendment privilege against self-incrimination or "that there was no authorized person who could answer the interrogatories without the possibility of compulsory self-incrimination." Kordel, 397 U.S. at 8, 9. Therefore, the Court grants Plaintiffs' request for an order compelling a signed answer by the officer or agent answering on behalf of WDS by May 1, 2018.

III.

The remaining disputed matters are not before the Court on Plaintiffs' Motion to Compel.[2] Hence, the Court does not address them herein, but reminds the parties of their on-going obligations as officers of this Court to comply with all ethical obligations.[3]

---

[2] Any request for relief other than an order compelling production or answers, to the extent not agreed to by the parties, is premature. Cf. Fed. R. Civ. P. 37(b)(2).

[3] LCvR 83.1(a), 83.2; see, e.g., N.C. Rules Prof'l Conduct 3.4 ("A lawyer shall not: (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; . . ."); 18 U.S.C. § 1519 ("Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.").

IV.

THEREFORE, the COURT hereby GRANTS in part and DENIES in part Plaintiffs' Motion to Compel Post-Judgment Discovery against WDS (Doc. No. 367) and ORDERS the following:

1. On or before April 27, 2018, WDS, shall complete its production to Plaintiffs of all documents and information responsive to Plaintiffs' outstanding post-judgment requests for production, including, without limitation, all 1099s and W-2s referenced in Defendant WDS, Inc.'s Response to Plaintiffs' Motion to Compel (Doc. No. 370) and all hard copy bank statements.

2. On or before June 1, 2018, WDS will make all boxes of hard copy documents stored at Morningstar Storage in Lake Wylie, South Carolina, available for Plaintiffs to inspect and copy.

3. Until further Order of the Court, except in response to lawful execution proceedings, including the Writ of Execution issued in this matter (Doc. No. 335), WDS is enjoined from selling, transferring, or otherwise disposing of its assets without Plaintiffs' prior written consent.

4. To the extent that it has not already done so, WDS shall by April 27, 2018 inform Plaintiffs of the location of all WDS's tangible assets.

5. WDS will produce by May 4, 2018 non-privileged emails (including any email between entities on different sides of a transaction, such as WDS and DLP) and non-privileged documents in the possession of its counsel, dated from January 1, 2016 to the present, that relate to the transfer, sale, or value of WDS's assets,

including but not limited to, transfers to any entity owned in whole or in part or controlled by Brian Ewert.

6. Counsel shall provide a privilege log for: (1) any document that is related to the sale, transfer or value of WDS's assets; (2) withheld on the basis of privilege; and (3) dated after December 16, 2016, the date the instant action was filed.

7. WDS shall complete its answer to Plaintiffs' Interrogatories by May 1, 2018 by serving an answer signed by the officer or agent answering on behalf of WDS.

IT IS SO ORDERED.

Signed: April 24, 2018

Frank D. Whitney
Chief United States District Judge