UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INCORPORATED, and <br> CARGILL MEAT SOLUTIONS CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> WDS, INC., JENNIFER MAIER, and BRIAN EWERT, <br><br> Defendants. | AMENDED STIPULATED PROTECTIVE ORDER |

On April 11, 2018, this Court held a hearing on Plaintiffs' Motion for Modification of the Stipulated Protective Order and Designation of Discovery Materials ("Motion") (Doc. No. 353) and other pending motions. In a subsequent Order, the Court noted its authority to modify the existing Stipulated Protective Order (Doc. No. 18) and ordered the parties to meet and confer, and to file a proposed amended protective order. (Doc. No. 374).[1] The parties, having conferred,

---

[1] Plaintiffs' Motion sought, in relevant part, permission to use discovery material designated as Confidential Material under the PO in (1) collection of their judgment, including in related bankruptcy proceedings; (2) in responding to governmental subpoenas without notice to and consent from producing parties; (3) with Plaintiffs' insurance carries; (4) "with other victims of Defendants' conspiracy"; and (5) "in litigation against Defendants' co-conspirators." (*See* Doc. No. 365, at 3). The Court ruled for Plaintiffs on use (1), deferring ruling on uses (2) through (5) pending the parties' joint submission of a proposed order. (Doc. No. 374, at 4–5). The Court also noted Defendants' consent at the hearing to several of Plaintiffs' requests, including uses (2) and (3), and directed that the parties' proposed order reflect the same. (*Id.* at 4 n.3, 5).

submitted[2] the current proposed Amended Stipulated Protective Order, which the Court hereby **ADOPTS**.[3]

**AMENDED STIPULATED PROTECTIVE ORDER**

Plaintiffs, Cargill, Incorporated, and Cargill Meat Solutions Corporation, and Defendants, WDS, Inc., Jennifer Maier, and Brian Ewert, seek the entry of this Amended Stipulated Protective Order, so as to protect certain information produced and exchanged in this lawsuit and clarify the permitted uses of certain information. Plaintiffs and Defendants are the parties to this Amended Stipulated Protective Order and will hereinafter be referred to as the "SPO Parties" or "SPO Party." The Court, noting that the subject matter of discovery in this case may involve the production of records, business information, and pricing and customer data alleged to be confidential, ORDERS as follows:

**ORDER**

**A. Scope of Application**

---

[2] WDS, through counsel, takes no position on the amendments to the protective order. Ewert's counsel reported that Ewert is in a treatment facility and is non-responsive to counsel, and that Ewert's counsel does not object to the amendments to the proposed order. Maier, through counsel, continues to object to Plaintiffs' use of designated material in litigation against Defendants' believed co-conspirators. Maier adds that her working with other parties on the language of this proposed order is not intended to waive the objections she had made to portions of the requested amendments in Doc. No. 362, which objections were overruled at the hearing.

[3] The Court adopts the Jointly Proposed Amended Stipulated Protective Order tendered by all parties after meeting and conferring as ordered by this Court on April 13, 2018. (Doc. No. 377). However, the Court adds this amendment to clarify that it finds good cause for the amendments. See, e.g., In Re Kolon Indus., 479 F. App'x 483, 486 (4th Cir. 2012). The parties have either agreed to the amendments or declined to oppose the amendments. Upon review, the Court finds these amendments properly address the parties' changed circumstances. The Court further notes that it did not overrule or rule on Maier's objections at the hearing, as suggested by Maier. The Court's ruling was limited to the clarification that the protective order was not intended to be so broad as to protect third-parties to the protective order. The Court, therefore, now finds good cause for the amendment as to co-conspirators. The amendment included herein appropriately limits the use of designated discovery material to use in litigation against believed co-conspirators.

1. This Amended Stipulated Protective Order shall govern all documents designated as "CONFIDENTIAL" pursuant to (B)(4)(a) or "ATTORNEY'S EYES ONLY" pursuant to (B)(4)(b) below (whether in writing, electronic, magnetic and/or digital media or otherwise), testimony, discovery responses, and other materials, including all copies, excerpts, extracts and summaries thereof (collectively, "Material") produced, given, or filed during formal or informal discovery or other proceedings in this litigation.

2. Nothing in this Amended Stipulated Protective Order shall govern Material obtained independent of the proceedings in this litigation, nor shall this Amended Stipulated Protective Order apply to an SPO Party's use or disclosure of its own Material.

3. The provisions of this Amended Stipulated Protective Order shall apply to the following persons: (a) the SPO Parties, including their officers, directors, in-house counsel, employees, and agents; (b) any other person producing or receiving Material in this litigation who agrees to be bound by the terms of this Amended Stipulated Protective Order; and (c) all counsel of record in the litigation and their employees, staff, and vendors.

**B.     Designation of Documents or Other Material**

4. All Material may be designated as follows:

    a. "CONFIDENTIAL," by any SPO Party, or by a third party producing such Material, if the designating person believes in good faith and after a reasonable investigation and review of the Material that the Material discloses confidential information, private financial information, or other sensitive information; or

b. "ATTORNEY'S EYES ONLY," by any SPO Party, or by a third party producing such Material, if the designating person believes in good faith and after a reasonable investigation and review of the Material that the Material discloses trade secrets or highly sensitive commercial information, including but not limited to customer or vendor pricing data.

Either designation shall be made by placing a legend on the Material sufficient to identify it as entitled to confidential treatment in this litigation. All Material so designated shall be referred to in this Amended Stipulated Protective Order as "Confidential Material." Because WDS represents that it is now "defunct," any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designations on documents produced by WDS and testimony by WDS employees may be disregarded.

5. No SPO Party shall be obligated to designate another SPO Party's Material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Rather, it is the right of any SPO Party to designate, within 15 days[4] after its production, any Material it deems "Confidential Material" pursuant to (B)(4)(a) or (b). The SPO Parties agree not to disclose Material to any non-parties to this litigation during this 15-day period. An SPO Party's failure to designate any Material with the confidentiality designations pursuant to the terms of this Order shall not be construed as a legal determination or an admission or acknowledgement that such Material is not confidential.

---

[4] The term "days" as used in this Order shall mean calendar days, and periods of time stated is days or longer units of time shall be calculated as provided for in Rule 6(a) of the Federal Rules of Civil Procedure.

6. In the case of depositions, designation of the portion of the transcript which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or in writing within thirty (30) days after the delivery of the transcript by the court reporter to those who have ordered a copy. If a designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall write or stamp the appropriate designation—the word "CONFIDENTIAL" or the words "ATTORNEY'S EYES ONLY"—on the cover of the relevant portions of the transcript. The SPO Parties may modify this procedure by agreement for any particular deposition without further court order. If a confidentiality designation pursuant to the terms of this Order is made by an SPO Party after the deposition but within the thirty (30) day period described above, the designation shall be made by delivering to counsel for the SPO Parties a letter identifying the pages of the transcript being designated as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY." During the thirty (30) day period discussed above, the entire transcript shall be treated as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY." With the exception of court reporters, and subject to any other limitations provided by law, only those persons to whom this Amended Stipulated Protective Order applies may attend any depositions taken in this litigation. As stated in paragraph B(4), confidentiality designations of deposition testimony made by WDS may be disregarded.

7. Nothing contained in this Amended Stipulated Protective Order:

a. shall affect the right of any SPO Party to make any objection or other response to discovery requests served on it;

b. shall affect the right of any SPO Party to make any objection or other response to any question at a deposition;

c. shall be construed as a waiver of any legally cognizable privilege to withhold any document or information, or of any right which an SPO Party may have to assert such privilege at any stage of the proceedings; or

d. shall be construed to prejudice the right of any SPO Party to oppose the production of any Material on any ground allowed by law (including, without limitation, foreign privacy laws that are not adequately addressed by the protections contained in this Amended Stipulated Protective Order).

C. **Limitations on Use of Confidential Material**

8. All Confidential Material produced by any SPO Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function. For avoidance of doubt, Plaintiffs' use of any Confidential Material in proceedings to collect on their judgment against Defendants and in Defendants' bankruptcy proceeding(s) is a permitted use.

9. Unless provided otherwise in this order, except with the prior written consent of the SPO Party or non-party that produced the Confidential Material, or upon prior order of this Court obtained upon notice to such other SPO Party or non-party's counsel, Confidential Material designated "CONFIDENTIAL" shall not be disclosed to any person other than:

a. the SPO Parties, including an SPO Party's officers, directors, employees, and agents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation. Plaintiffs' insurers are "agents" within the meaning of this section.

Plaintiffs' disclosure of Confidential Material designated "CONFIDENTIAL" to their insurers is a permitted use;

    b.    counsel for the SPO Parties, including employees of such counsel and vendors who have confidentiality obligations to such counsel;

    c.    expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is reasonably necessary in connection with this litigation;

    d.    any authors or original recipients of the "CONFIDENTIAL" Material;

    e.    the Court (including court reporters, stenographic reporters and court personnel), provided, however, that all pleadings or other filings which incorporate or disclose "CONFIDENTIAL" Material shall be labeled and submitted under seal pursuant to section D below; and

    f.    actual or potential non-party witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation.

    g.    Additionally, as to Confidential Material designated "CONFIDENTIAL" by Defendants, Plaintiffs' use thereof "in litigation against Defendants' [believed] co-conspirators" (Doc. No. 265, at 3) is permitted under this Amended Stipulated Protective Order.

    h.    As to Confidential Material designated "CONFIDENTIAL" by a non-party, Plaintiffs' use thereof "in litigation against Defendants' [believed] co-conspirators" (Doc. No. 365, at 3) shall follow the process outlined in Section J below.

10.    Unless provided otherwise in this order, Confidential Material designated "ATTORNEY'S EYES ONLY" may be disclosed without written consent from the SPO Party or non-party that produced it only to the following persons:

    a.    outside counsel for the for the SPO Parties, including employees of such outside counsel and vendors who have confidentiality obligations to such outside counsel;

    b.    expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is reasonably necessary in connection with this litigation;

    c.    the Court (including court reporters, stenographic reporters and court personnel), provided, however, that all pleadings or other filings which

incorporate or disclose "ATTORNEY'S EYES ONLY" Material shall be labeled and submitted under seal pursuant to section D below;

d. a non-party witness who testifies at deposition or trial in this litigation, who shall be provided at the outset of his or her testimony a copy of this Amended Stipulated Protective Order on the record, but any such disclosure of Confidential Material designated "CONFIDENTIAL -ATTORNEY'S EYES ONLY" to a non-party witness shall be only to the extent necessary for the testimony. In such instance, the witness shall be bound by the provisions of this Amended Stipulated Protective Order and shall be informed that he or she and his or her counsel, if any, are bound by the terms of this Amended Stipulated Protective Order;

e. in-house counsel and para-professionals for each SPO Party to the extent that such persons are assisting in the prosecution or defense of this litigation; and

f. any other person specifically authorized by the Court, including as follows:

   i. Defendants have consented to Plaintiffs' use of Confidential Material designated by Defendants "ATTORNEY'S EYES ONLY" with Plaintiffs' insurers (which includes insurers' employees/agents);

   ii. Plaintiffs' use of any Confidential Material designated by Defendants "ATTORNEY'S EYES ONLY" in "litigation against Defendants' [believed] co-conspirators" (Doc. No. 365, at 3) is permitted under this Amended Stipulated Protective Order; and

   iii. Plaintiffs' use of Confidential Material designated by a non-party "ATTORNEY'S EYES ONLY"—whether with Plaintiffs' insurers or in any "litigation against Defendants' [believed] co-conspirators"—shall follow the process in Section J below.

11. Before any Confidential Material may be provided to any person discussed in subparagraphs 9(c), 9(f), 10(b), or 10(f)(i) above, each such person shall agree to be bound by this Amended Stipulated Protective Order and execute the undertaking attached as Exhibit A to this Order.

12. Any person receiving Confidential Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

**D. Filing with the Court**

13. Confidential Material shall not be filed with the Court unless the Confidential Material is filed along with a motion to file under seal in accordance with Rule 26 of the Federal Rules of Civil Procedure and any applicable local rules (*e.g.*, LCvR 6.1 of the Western District of North Carolina). This Amended Stipulated Protective Order does not provide for the automatic sealing of Confidential Material.

**E. Objections and Limitations to Confidential Material Designation**

14. Subject Section J below as to non-parties—which supersedes this section and provides for notice and hearing rights of non-parties where Plaintiffs seek to disclose their Confidential Material—if an SPO Party contends that any Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is not entitled to such treatment, that SPO Party may at any time give written notice challenging the designation (the "Challenging SPO Party") to the SPO Party or non-party that designated the Material (the "Designating Party") as Confidential Material. The Designating Party shall respond to the written notice challenging the designation within fifteen (15) days, or within such other period of time as may be agreed upon by the Challenging SPO Party and the Designating Party. If the Designating Party refuses to remove the applicable designation and the Challenging SPO Party and the Designating Party are unable to resolve their dispute, the Challenging SPO Party may file a motion challenging the designation with the Court. All Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES

ONLY" shall be treated as Confidential Material during the pendency of any motion brought pursuant to this paragraph or until the Designating Party withdraws the applicable designation in writing.

15. An SPO Party's designation of Confidential Material shall not be construed as a legal determination or an admission or acknowledgement by any other party that information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is, in fact, confidential (except under the specific terms of this Order) or a trade secret.

16. A failure to object to or challenge an SPO Party's designation of information as Confidential Material shall not be construed as a legal determination or an admission or acknowledgement by any other party that information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is, in fact, confidential (except under the specific terms of this Order) or a trade secret.

**F. Confidentiality Designation After Case Disposition**

17. All provisions of this Order restricting the communication or use of Confidential Material shall continue to be binding in perpetuity after the conclusion of this action, unless otherwise agreed or ordered.

18. After the satisfaction of judgment, or the declaration of the judgment as null or void[5]—counsel for the SPO Parties shall, within thirty (30) days from counsel's receipt of a written request, assemble and return to each other all documents, materials, and deposition transcripts for which a confidentiality designation is

---

[5] Defendants agreed Plaintiffs may use Confidential Material in collection proceedings or in subsequent bankruptcy proceedings, but the Court found good cause to modify the PO to clarify that the return of Confidential Material "is not required until the satisfaction of the judgment in this case, or the declaration of the judgment as null or void." (Doc. No. 374, at 3–4).

maintained hereunder through such date, and all copies of same, or shall certify the destruction thereof; provided, however, that counsel for any SPO Party shall be entitled to retain pleadings, memoranda, declarations, motions, exhibits, affidavits, or deposition transcripts that attach, contain, or refer to such designated material, but only to the extent necessary to preserve a file with respect to this action.

**G.  Inadvertent Failure to Designate Material**

19. The production or disclosure of any Confidential Material that is inadvertently not designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not constitute a waiver of the producing or disclosing person's right to subsequently designate such Material as "Confidential Material" and to demand the immediate return of such Material, and any and all copies thereof, for replacement with identical Material bearing the appropriate confidentiality designation. Once an SPO Party has been notified that Material not originally designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" will subsequently be designated as Confidential Material, the SPO Party must act in accordance with the provisions of this Amended Stipulated Protective Order with respect to such Confidential Material.

**H.  Other Requirements**

20. This Amended Stipulated Protective Order is for discovery purposes only and has no effect on the merits of this dispute. This Amended Stipulated Protective Order does not confer any substantive rights or limit any substantive rights of any party.

21. Any markings designating a document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to (B)(4)(a) or (B)(4)(b) of this Order must be removed from the document at the time of trial so as not to prejudice or mislead the jury. The

final determination concerning the use and treatment of any Confidential Material at trial shall be addressed by the Court and the SPO Parties in connection with the pre-trial conference.

22. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of an SPO Party or non-party to seek relief for an inadvertent disclosure of Material protected by privilege or work product protection.

23. If at any time any Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and governed by this Amended Stipulated Protective Order is subpoenaed or requested by a court, an administrative or legislative body, or any other person purporting to have authority to require the production of such Material, the person to whom the subpoena or request is directed shall give to the person who designated the Material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" both a prompt written notice (including via email) and a copy of the subpoena or request, if permitted by law. The person seeking to maintain the confidentiality designation shall have the sole responsibility for objecting to the subpoena or request and obtaining any order it believes necessary to prevent production of any Confidential Material. If a timely objection is asserted by the person who designated the Confidential Material, the person to whom the subpoena or request is directed shall not produce the Confidential Material—if permitted by law—unless and until the objection to production is overruled by a court of competent jurisdiction.

a. Notwithstanding the language above, Plaintiffs may use or disclose Confidential Material, without notice, in response to governmental subpoenas.

24. This Amended Stipulated Protective Order shall be effective immediately upon signature by counsel of the SPO Parties pending submission to and entry by the Court (even if it is not entered), and all SPO Parties agree that the Court may enforce the terms of this Amended Stipulated Protective Order.

**I. Material Presented at Trial**

25. Confidential Material presented at the public trial in this action is no longer protected by this Amended Stipulated Protective Order. Material presented at trial includes live testimony, deposition testimony excerpts, written discovery designations, and exhibits, including those admitted and those offered or presented but not admitted. (Doc. No. 374, at 2 n.1).

**J. Rights of a Non-Party as to Its Confidential Material Designated Under This Court's Protective Orders**

26. Non-parties who had agreed to be bound by the terms of the original protective order (Doc. No. 18) as was required by paragraph 3 and produced Confidential Material subject thereto—and any non-parties who agree to be bound by the terms of the Amended Stipulated Protective as is required by paragraph 3 and subsequently produce Confidential Material subject thereto—are subject to protections discussed herein.

27. Use or disclosure of non-party material designated by the non-party as Confidential Material under this Court's protective orders shall follow the process outlined in this Section J, unless the use or disclosure is otherwise permitted by another section of this Amended Stipulated Protective Order.

28. Unless otherwise permitted by this Amended Stipulated Protective Order, before Plaintiffs may disclose non-party material designated by the non-party as Confidential Material, Plaintiffs shall give email notice ("Notice to Non-Party") to the non-party and/or its counsel, at any time. Should the non-party wish to challenge Plaintiffs' disclosure of its Confidential Material, the non-party shall respond in writing within seven calendar days of the Notice to Non-Party, certifying it had agreed to be bound by the terms of the protective order as required by paragraph 3, and specifying the reasons the non-party believes specific documents designated by it are entitled to this Amended Stipulated Protective Order's protection. If no resolution is reached, the non-party may seek an appropriate Court order and/or hearing by filing a motion with this Court, but must do so within ten calendar days of receiving Plaintiffs' Notice to Non-Party. The non-party's failure to (a) respond to Plaintiffs as outlined above, or (b) establish it had agreed to be bound by the terms of the protective order as required by paragraph 3 before it designated thereunder, or (c) file a motion with this Court within ten calendar days of the Notice to Non-Party, will constitute a voluntary waiver of any applicable protections of this Court's protective orders. Plaintiffs shall not disclose the non-party's Confidential Material until the expiration of the above ten-day period (and for the pendency of the non-party's timely motion, if one is filed).

IT IS SO ORDERED.

Signed: April 24, 2018

Frank D. Whitney
Chief United States District Judge

Effective Date: January 25, 2017.

| | |
|---|---|
| */s/ Dasha Ternavska*<br>Jacob D. Bylund (*admitted pro hac vice*)<br>jacob.bylund@faegrebd.com<br>Dasha Ternavska (*admitted pro hac vice*)<br>dasha.ternavska@faegrebd.com<br>**FAEGRE BAKER DANIELS LLP**<br>801 Grand Avenue, 33rd Floor<br>Des Moines, IA 50309-8011<br>Telephone: (515) 248-9000<br>Fax: (515) 248-9010<br><br>Jane Maschka (*admitted pro hac vice*)<br>jane.maschka@faegrebd.com<br>Christine R. M. Kain (*admitted pro hac vice*)<br>christine.kain@faegrebd.com<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402<br>Telephone: (612) 766-7000<br>Fax: (612) 766-1600 | */s/ Denis E. Jacobson*<br>Jeffrey S. Southerland<br>N.C. Bar No. 34221<br>jsoutherland@tuggleduggins.com<br><br>Richard W. Andrews<br>N.C. Bar No. 44177<br>randrews@tuggleduggins.com<br><br>Denis E. Jacobson<br>N.C. Bar No. 13559<br>djacobson@tuggleduggins.com<br><br>**TUGGLE DUGGINS P.A.**<br>P.O. Box 2888<br>Greensboro, NC 27402<br>Telephone: 336-378-1431<br>Facsimile: 336-274-6590<br><br>*Attorneys for Defendants WDS, Inc., and Brian Ewert* |

**-AND-**

| | |
|---|---|
| */s/ Edward F. Hennessey IV*<br>Edward F. Hennessey IV<br>N.C. Bar No. 15899<br>thennessey@robinsonbradshaw.com<br><br>Fitz E. Barringer<br>N.C. Bar No. 42679<br>fbarringer@robinsonbradshaw.com<br><br>**Robinson, Bradshaw & Hinson, P.A**.<br>101 North Tryon Street, Suite 1900<br>Charlotte, NC 28246<br>Telephone: 704-377-2536<br>Facsimile: 704-378-4000<br><br>*Attorneys for Plaintiffs* | */s/ David Freedman*<br>David Freedman<br>david@cfpwlaw.com<br>**CRUMPLER FREEDMAN PARKER & WITT**<br>301 N. Main Street, Suite 1100<br>Winston-Salem, NC, 27101<br>Telephone: 336-725-1304<br>Fax: 336-761-8845<br><br>*Attorneys for Defendant Brian Ewert*<br><br>*/s/ Andrew A. Freeman*<br>Alan M. Ruley<br>N.C. Bar No. 16407<br>aruley@belldavispitt.com<br><br>Andrew A. Freeman<br>N.C. Bar No. 41248<br>afreeman@belldavispitt.com<br><br>**BELL, DAVIS & PITT, P.A.** |

    P.O. Box 21029
    Winston-Salem, NC 27120-1029
    Telephone: 336-722-3700
    Facsimile: 336-722-8153

    *Attorneys for Defendant Jennifer Maier*

# EXHIBIT "A"

CERTIFICATE OF ACKNOWLEDGMENT OF AGREEMENT
CONCERNING CONFIDENTIAL MATERIAL

I declare that:

I have been given a copy of and have read the Amended Stipulated Protective Order relating to Case No. 3:16-cv-00848 -FDW-DSC, pending in the United States District Court for the Western District of North Carolina, styled *Cargill, Incorporated, and Cargill Meat Solutions v. WDS, Inc., et al*. I agree to abide by the Amended Stipulated Protective Order and not to reveal or otherwise communicate to anyone the Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that is disclosed to me except in accordance with the terms of the Amended Stipulated Protective Order. I further agree that, upon termination of this action, I shall return all Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or information provided to me, including copies and excerpts thereof, pursuant to the terms of the Amended Stipulated Protective Order. I acknowledge that any violation of the Amended Stipulated Protective Order may cause damages and irreparable harm to the SPO Parties, and that I may be liable to the SPO Parties, or any one of them, for such damages.

Dated:_____

_____
Signature of Declarant

_____
Printed Name

_____
Street Address

_____
City/State

_____
Telephone Number