IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16CV00848

| | |
|---|---|
| CARGILL, INCORPORATED and CARGILL MEAT SOLUTIONS CORPORATION,<br><br>　　Plaintiffs,<br><br>vs.<br><br>WDS, INC.; JENNIFER MAIER; and BRIAN EWERT,<br><br>　　Defendants. | **MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT BRIAN EWERT** |

NOW COMES the undersigned counsel and moves the Court, pursuant to LCvR 83.1(f), for an Order allowing the law firm of Tuggle Duggins P.A., and attorneys Jeffrey S. Southerland, Denis E. Jacobson, Richard W. Andrews, and Alan B. Felts (collectively referred to herein as "Tuggle Duggins"), to withdraw as counsel for Defendant Brian Ewert ("Mr. Ewert"). Tuggle Duggins shows the Court as follows:

　　1.　　The Bottom Line of this motion is: *first*, that Tuggle Duggins has not been asked to represent and has not sought to represent Mr. Ewert's interests post-judgment[1] – instead, other law firms are currently representing Mr. Ewert and the various companies in which he has a majority interest; *second*, that Mr. Ewert is unavailable to all of those law firms at the present time – making representation of him impossible; and, *third*, as a result of Plaintiffs' continued attacks on Tuggle Duggins, the firm believes the merits of this case, and Mr. Ewert's representation, would best be served by Tuggle Duggins formally withdrawing from representing Mr. Ewert going forward.

---

[1] With the limited exception of filing post-trial motions.

**I.     Mr. Ewert Is Represented by Other Law Firms and Has Never Requested That Tuggle Duggins Represent Him Relative to Post-Judgment Collection Matters**

2.      Both Tuggle Duggins and David Freedman represented Mr. Ewert at trial. Mr. Freedman's representation continues.[2]

3.      Following the jury's verdict, Mr. Ewert retained three other law firms – in addition to Tuggle Duggins and Mr. Freedman – to represent his interests. Those law firms include:

   a.   Brad Leggett of Allman Spry Davis Leggett & Crumpler, P.A. in Winston-Salem. Mr. Leggett, a well-regarded and experienced bankruptcy attorney, was retained for the purpose of representing Mr. Ewert during post-judgment collection matters. Mr. Leggett was principally responsible for compiling Mr. Ewert's post-judgment discovery responses;[3]

   b.   Rick Rayburn and Benjamin Shook of Rayburn Cooper & Durham, P.A. in Charlotte. It is Tuggle Duggins's understanding, as noted at the Court's April 10 hearing, that Mr. Rayburn's firm is representing the interests of various entities with which Mr. Ewert is associated and which have been mentioned in various pleadings filed in this case by Plaintiffs, including DLP, RFS, and RTL[4]; and

   c.   Toby Hampson, Benjamin Thompson, and Jennifer Blakely Kiefer of Wyrick Robbins Yates & Ponton LLP in Raleigh. That firm is representing Mr. Ewert in connection with Mr. Ewert's pending appeal to the Fourth Circuit.

4.      Tuggle Duggins has played – at most – a background role relative to Mr. Ewert's

---

[2] Mr. Freedman is not representing Mr. Ewert on post-judgment collection matters.

[3] Mr. Leggett filed a Motion to Withdraw (ECF No. 386) that has now been granted (ECF No. 394).

[4] Mr. Rayburn has not appeared yet in the litigation for DLP or the other-referenced entities, but is regularly included in correspondence with Plaintiffs' counsel.

post-judgment discovery responses, and is no longer providing any substantive representation to DLP, RFS, or RTL. Tuggle Duggins is likewise not handling Mr. Ewert's appeal to the Fourth Circuit. Simply put, Tuggle Duggins's representation of Mr. Ewert is substantially complete.

5. With specific reference to post-judgment discovery, Tuggle Duggins has never been asked by Mr. Ewert, nor has Tuggle Duggins ever sought, to represent Mr. Ewert in post-judgment discovery. Instead, Tuggle Duggins helped Mr. Ewert find and retain Mr. Leggett so that Mr. Ewert could have representation throughout post-judgment discovery. Tuggle Duggins attempted to provide information to Mr. Leggett throughout that process.

6. If allowed to withdraw, Tuggle Duggins, as former counsel to Mr. Ewert, would still be ethically obligated to provide information relative to post-judgment discovery to any of Mr. Ewert's other current or successor counsel. There is no need, however, for Tuggle Duggins to remain as Mr. Ewert's counsel of record in this case – particularly for post-judgment discovery matters it has never intended, sought, or been engaged to perform.[5]

## II. Tuggle Duggins Is Informed That Mr. Ewert Is Not Available to Any of His Counsel

7. According to Brad Leggett's Motion to Withdraw filed on April 26, 2018 (ECF No. 386), Mr. Ewert is presently unavailable as a result of certain medical matters. As more evidence of the shift in representation status of Tuggle Duggins in the post-judgment setting, Tuggle Duggins did not learn that news from Mr. Ewert or his family members or business associates, but third-hand from Mr. Leggett. Moreover, upon information and belief, based upon Mr. Leggett's Motion to Withdraw it does not appear that Tuggle Duggins (or any counsel) would be able to communicate with Mr. Ewert until at least on or about May 22, 2018. The inability to communicate with Mr. Ewert post-judgment would make it impossible for Tuggle

---

[5] Tuggle Duggins also does not believe Mr. Ewert desires for Tuggle Duggins to represent him post-judgment.

Duggins to appropriately and ethically represent Mr. Ewert's interests.

### III. Plaintiffs Have Been Attacking Tuggle Duggins Post-Judgment

8. Plaintiffs prevailed at trial by obtaining a massive judgment on all of their claims against all three Defendants. Plaintiffs have now pivoted to attacking Tuggle Duggins. This is seen most recently in Plaintiffs' April 25, 2016 filing, which used a Motion for Issuance of an Arrest Warrant and Injunctive Relief (ECF No. 381) directed to Mr. Ewert as a platform to levy inaccurate and offensive allegations against counsel. This followed Plaintiffs' Motion to Compel (ECF No. 367) that made similarly inaccurate allegations about the role of counsel in facilitating the day-to-day business affairs of Ewert-related entities. The clear intent of this escalating and disappointing rhetoric in Plaintiffs' recent filings is to envelop Tuggle Duggins in the Plaintiffs' broad theory of wrongdoing by Mr. Ewert.

9. Plaintiffs' rhetoric about Tuggle Duggins forecasts the scenario in which the firm's legitimate interest in defending itself against false allegations and innuendo may come into conflict with its professional responsibilities to Mr. Ewert, including maintenance of confidentiality and attorney-client privilege. That potential conflict – introduced into this case by Plaintiffs, but which cannot be ignored by Tuggle Duggins – makes it extremely difficult, if not impossible, for the firm to continue representing Mr. Ewert under the North Carolina Rules of Professional Conduct. Simply stated, it is the firm's view that its ability to do so has been compromised.

10. Despite Plaintiffs' repeated attacks and negative statements about Tuggle Duggins, Plaintiffs have advised Tuggle Duggins that Plaintiffs oppose Tuggle Duggins's request to withdraw.

11. The undersigned and the firm respectfully submit that this matter will best be advanced on the merits if the sideshow that Plaintiffs have attempted to create by attacking

Tuggle Duggins is brought to an end, and Mr. Ewert is permitted to proceed forward post-judgment without Tuggle Duggins's involvement, as he has already been doing with Mr. Leggett and various other law firms.[6]

12. This motion is being delivered to Defendant Ewert, his spouse, and all counsel of record as set forth in the Certificate of Service.

13. Jennifer Maier and WDS consent to this motion.

14. Mr. Ewert's current address is 9640 Windy Gap Road, Charlotte, North Carolina 28278. Tuggle Duggins advised Mr. Ewert's individual counsel, Brad Leggett, prior to his withdrawal, and David Freedman, that Tuggle Duggins would be filing this motion.

15. This motion is made in good faith and not for the purpose of delay.

WHEREFORE, the undersigned counsel prays this Court grant the Motion and that the law firm of Tuggle Duggins P.A., and attorneys Jeffrey S. Southerland, Denis E. Jacobson, Richard W. Andrews, and Alan B. Felts be allowed to withdraw from representing Defendant Brian Ewert in this matter.

This the 30th day of April, 2018.

*/s/ Jeffrey S. Southerland*
Denis E. Jacobson
djacobson@tuggleduggins.com
NC State Bar No. 13559
Jeffrey S. Southerland
jsoutherland@tuggleduggins.com
NC State Bar No. 34221

---

[6] Tuggle Duggins remains committed to providing Plaintiffs with materials responsive to Plaintiffs' post-judgment discovery requests to Mr. Ewert, to the extent Mr. Ewert and Mr. Leggett have not already provided them. Tuggle Duggins believes the Court could enter an order allowing the firm's withdrawal that would also satisfy Plaintiffs' needs to preserve and obtain any documents in the firm's possession that are responsive to any pending or future court orders in this matter.

Richard W. Andrews
randrews@tuggleduggins.com
NC State Bar No. 44177
*Attorneys for Defendants WDS, Inc., and Brian Ewert*

OF COUNSEL:

TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro NC 27402
Telephone: (336) 378-1431
Facsimile: (336) 274-6590

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2018, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to counsel listed below:

**Attorneys for Plaintiffs**
Edward Francis Hennessey, IV
thennessey@rbh.com
Andrew William James Tarr
atarr@rbh.com
Fitz E. Barringer
fbarringer@rbh.com
Robinson, Bradshaw & Hinson, P. A.
101 North Tryon St., Suite 1900
Charlotte, NC 28246

Jacob D. Bylund
jacob.bylund@FaegreBD.com
Daryna Ternavska
dasha.ternavska@FaegreBD.com
Faegre Baker Daniels, LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8011

Christine R. M. Kain
christine.kain@FaegreBD.com
Faegre Baker Daniels LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402

**Attorneys for Defendant Maier**
Alan M. Ruley
aruley@belldavispitt.com
Andrew Allen Freeman
afreeman@belldavispitt.com
Mark A. Jones
mjones@belldavispitt.com
Bell, Davis & Pitt, P.A.

100 North Cherry Street, Suite 600
Post Office Box 21029
Winston-Salem, NC 27120-1029
*Attorneys for Defendant Jennifer Maier*

**Attorneys for Defendant Ewert**
David B. Freedman
david@cfpwlaw.com
Crumpler Freedman Parker & Witt
301 N. Main Street, Suite 1100
Winston-Salem, NC 2710

R. Bradford Leggett
rbleggett@allmanspry.com
Allman Spry Davis Leggett & Crumpler, P.A.
380 Knollwood Street, Suite 700
Winston-Salem, NC 27103

Tobias Samuel Hampson
thampson@wyrick.com
Benjamin Norman Thompson
bthompson@wyrick.com
Jennifer Blakely Kiefer
bkiefer@wyrick.com
Wyrick Robbins Yates & Ponton, LLP
4101 Lake Boone Trail
Raleigh, NC 27607

This the 30th day of April, 2018.

*/s/ Jeffrey S. Southerland*
Jeffrey S. Southerland