UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INC., and CARGILL MEAT SOLUTIONS, CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> WDS, INC., JENNIFER MAIER, and BRIAN EWERT, <br><br> Defendants. | ORDER |

THIS MATTER is before the Court on "Plaintiffs' Motion to Compel Production of Responses to Plaintiffs' February 26 Post-Judgment Discovery against Ewert and his Counsel" (Doc. No. 417). The parties have fully briefed the Motion, and it is ripe for the Court's resolution.

As summarized and undisputed by Defendant Brian Ewert, Cargill served its first set of post-judgment interrogatories and requests for production of documents on Ewert on February 26, 2018. Plaintiffs provided Ewert a thirty-day extension resulting in a deadline to respond of April 9, 2018. Ewert did not serve any objections and responses to Cargill's requests for production of documents by the April 9 deadline. Ewert responded on April 10, 2018 to the interrogatories but only answered the questions in his individual capacity. Plaintiffs' counsel notified Ewert's then counsel on May 2, 2018 of its intent to move to compel production of non-privileged documents from Ewert and his attorneys. (Doc. No. 417-2, Maschka Decl. ¶ 6). Plaintiffs also discussed these insufficiencies with Ewert's newly retained counsel in May 2018. (Doc. No. 417-2, Maschka Decl. ¶¶ 8-10).

Ewert does not dispute the insufficiency of the production or the interrogatories, but merely argues that Plaintiffs failed to meaningfully "meet and confer" prior to filing the Motion. (Doc. No. 420 at 2-3 (citing LCvR 7.1)). Plaintiffs' summary of the facts and Plaintiffs' counsel's attestation, however, show that the requirements of Local Rule 7.1(b) have been met. Therefore, Plaintiffs are entitled to an order pursuant to Federal Rule of Civil Procedure 37, compelling complete responses to Plaintiffs' outstanding discovery requests. Fed. R. Civ. P. 37(a)(4); Fed. R. Civ. P. 69(a)(2).

However, at this time, the Court declines to grant Plaintiffs' request for the costs of filing this Motion against Ewert and Tuggle Duggins, pursuant to Federal Rule of Civil Procedure 37(a)(5). (Doc. No. 417). If a motion to compel is granted, Rule 37(a)(5) requires an award of "reasonable expenses incurred in making the motion, including attorney's fees." The award may be against the party and/or attorney advising the conduct. Fed. R. Civ. P. 37(a)(5). On the current record, the Court cannot conclude whose conduct or advice necessitated the Motion. Since the service of discovery requests, Ewert has been represented by five different firms. Two of those firms, with their respective attorneys, have since withdrawn from their representation of Ewert, and three of those firms first appeared in this action after the service of discovery requests. Both counsel requesting termination from representation and those accepting representation have obligations under the Rules of Professional Conduct, and all have obligations to disclose information if "impliedly authorized in order to carry out the representation" or necessary "to comply with the Rules of Professional Conduct, the law or court order[.]" N.C. R. Prof'l Conduct 1.6 (a), (b); <u>see also</u> N.C. R. Prof'l Conduct 1.16(d), cmt. 1. Therefore, at this time, the Court orders all counsel for Ewert, former and current, to meet and confer to assess their individual or

collective responsibility for this Motion, after which they shall meet and confer with counsel to Plaintiffs. If the parties cannot reach an agreement and tender a consent order on the payment of expenses pursuant to Federal Rule Civil Procedure 37(a)(5), Plaintiffs may renew their motion for reasonable expenses.

THEREFORE, the Court GRANTS IN PART and DENIES IN PART "Plaintiffs' Motion to Compel Production of Responses to Plaintiffs' February 26 Post-Judgment Discovery against Ewert and his Counsel" (Doc. No. 417). In accordance with the foregoing, it is hereby ORDERED:

1. Within a week of this Court's Order, Ewert shall provide complete responses to Plaintiffs' interrogatories;

2. Within a week of this Court's order, Ewert shall produce to Plaintiffs all documents in his custody, possession, or control, or in the custody, possession, or control of his agents, servant, employees, relatives, or any entity he owns or otherwise controls, including but not limited to WDS, Inc., Diverse Label Printing, LLC, ODDS, LLC, Resnex Mfg., Inc., DLP Holdings, LLC, Refrigerated Trucking & Logistics, LLC, Jet Me Around, LLC, B-Pak Manufacturing Solutions, LLC, RFS, Inc., the Brian C. Ewert Revocable Trust, the Tessa R. Ewert Irrevocable Trust, the Torri B. Ewert Irrevocable Trust, the Brian C. Ewert Irrevocable Trust (together, along with any other entity that Ewert owns or controls, or any other Trust for which Ewert, or entity controlled or owned by Ewert, is a grantor, beneficiary, or is otherwise affiliated with the Trust, the "Controlled Entities"), responsive to Plaintiffs' document requests, including but not limited to all documents, whether in physical or electronic form, regarding:

a. The location and amount of any cash, currency or crypto-currency held by Ewert or the Controlled Entities;

b. Any "Asset" (defined as any real or personal property owned—whether in whole or in part—by Ewert or one of the Controlled Entities or that has been owned—whether in whole or in part—by Ewert or one of the Controlled Entities since January 1, 2007) with a value of $1,000 or greater;

c. Any ownership interest of any kind that Ewert or one of the Controlled Entities hold with respect to any company, firm, corporation, organization, or entity, whether foreign or domestic;

d. Any conveyance, sale, or other transfer by Ewert or any of the Controlled Entities of an Asset with a value in excess of $10,000 to any person or entity whatsoever, since January 1, 2007;

e. Assets currently in each of the Controlled Entities;

f. Any transfer of Assets exceeding $200, or any transfers of Assets that in the aggregate exceed $200, that Ewert or any of the Controlled Entities has made to any relative of Ewert or to any other insider or insiders of Ewert, as the term "insider" is defined in 11 U.S.C. § 101(3), since January 1, 2007;

g. Any transfer of Assets exceeding $200, or any transfers of Assets that in the aggregate exceed $200, that Ewert or any of the Controlled Entities has made to, or for the benefit of Jennifer L. Maier, James Maier, Michael Kennedy, Shawn Nguyen, Gregory Gatley, Marlette Gatley, Pam Tourtellot, Rich Tourtellot, Stephanie Norris, Ward Norris, Kenneth Copeland, Ramey Millett, Midge (Margaret) Ellis, Paul Thompson, John Roberts, Kirk Menzel, (altogether, with any relative of Ewert and any other "insider" as defined in 11 U.S.C. § 101(3), "Alleged Insiders") or any entity owned by, controlled, or otherwise affiliated with the Alleged Insiders;

4

h. Any transfer of Assets exceeding $200 that Ewert or any of the Controlled Entities has made to, or for the benefit, of any attorney representing Ewert or any of the Controlled Entities since January 1, 2007, regardless of whether such transfer was made on account of the rendition of legal services by any such attorney;

i. Trusts that Ewert, his agents, servants, employees, attorneys, any of the Controlled Entities or Alleged Insiders have created (including but not limited to all documents showing contributions made to the trust since January 1, 2007, regardless of their source) and all trusts for which Ewert, one of the Controlled Entities, or one of the Alleged Insiders is a beneficiary or grantor (including but not limited to all documents showing any distributions Ewert, his relatives, the Alleged Insiders, or any of the Controlled Entities received or made since January 1, 2007);

j. Any type of annuity, pension, retirement, deferred compensation, and survivors benefits plan in which Ewert has an interest (including but not limited to annuity contracts, retirements savings programs, retirement plans, pensions, Social Security statements, or disability retirement IRAs); and

k. The monthly balance of any bank accounts held by Ewert since January 1, 2007;

3. Should Ewert or his current or former counsel claim any document responsive to Plaintiffs' document requests to be privileged, Ewert or his counsel making the claim, as the case may be, must complete a privilege log within 15 days of this Court's order that sets forth for each withheld document: (a) the date of the document; (b) the identity of each person who prepared, produced or reproduced, or who received copies of, the document; (c) the type of document; (d) the subject matter of the document; (e) a description of the document, such as by title, file number, or other identifying mark or code; (f) the custodian and location of the document by room, building,

city, and state; (g) the type of privilege claimed or other reason for withholding the document; and (h) all of the circumstances upon which Ewert or his current and former counsel as the case may be bases their claim of privilege or withholding of the document; and

    4. The Court orders all counsel for Ewert, former and current, to meet and confer to assess their individual or collective responsibility for this Motion, after which they shall meet and confer with counsel to Plaintiffs. If the parties cannot reach an agreement and tender a consent order on the payment of expenses pursuant to Federal Rule Civil Procedure 37(a)(5), Plaintiffs may renew their motion for reasonable expenses.

    IT IS SO ORDERED.

Signed: June 18, 2018

Frank D. Whitney
Chief United States District Judge