UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INC., and CARGILL MEAT SOLUTIONS, CORP., </br></br>　　Plaintiffs, </br></br> vs. </br></br> WDS, INC., JENNIFER MAIER, and BRIAN EWERT, </br></br>　　Defendants. | ) ) ) ) ) ) ) ) ORDER ) ) ) ) ) ) |

THIS MATTER is before the Court on Plaintiffs' Motion for Issuance of an Arrest Warrant and Injunctive Relief Against Defendant Brian Ewert, in his individual capacity and as Trustee of the Brian C. Ewert Revocable Trust, and Diverse Label Printing, LLC, ODDS, LLC, Resnex Mfg., Inc., DLP Holdings, LLC, Refrigerated Trucking & Logistics, LLC, Jet Me Around, LLC, B-Pak Manufacturing Solutions, LLC, RFS, Inc., and H. Vaughn Ramsey as Trustee of the Brian C. Ewert Irrevocable Trust. (Doc. No. 381). Upon referral, the magistrate judge addressed Plaintiffs' request for an issuance of an arrest warrant and deferred to this Court on the injunctive relief. (Doc. No. 423). Therefore, the only matter before the Court is Plaintiffs' requests for injunctions. Plaintiffs have requested injunctions:

> (2) prohibiting Ewert, both in his individual capacity and as trustee of the Brian C. Ewert Revocable Trust, from (a) creating new business entities; (b) transferring, disposing, or otherwise diminishing the value of his assets, or causing any of the existing entities that he owns or controls to transfer assets without the prior written consent of Cargill; and

> (3) prohibiting Diverse Label Printing, LLC, ODDS, LLC, Resnex Mfg., Inc., DLP Holdings, LLC, Refrigerated Trucking & Logistics, LLC, Jet Me Around, LLC, B-Pak Manufacturing Solutions, LLC, RFS, Inc., and H. Vaughn Ramsey as Trustee of the Brian C. Ewert Irrevocable Trust (and any other person or entities acting in

concert with Ewert) from transferring assets, except that those entities, to the extent they engage in business, may transfer assets in the ordinary course of its business provided that such transfers are not made to entities owned, in whole or in part, or controlled by Ewert, Jennifer Maier, James Maier, or any of Ewert's relatives.

(Doc. No. 381 at 1-2). Plaintiffs filed an affidavit of service of the Motion on DLP HOLDINGS, LLC f/k/a DIVERSE LABEL PRINTING, LLC; B-PAK MANUFACTURING SOLUTIONS, LLC; ODDS, LLC; RFS, INC.; DLP HOLDINGS, LLC; RESNEX MFG. INC.; REFRIGERATED TRUCKING & LOGISTICS, LLC; JET ME AROUND LLC; and H. Vaughn Ramsey as Trustee of the Brian C. Ewert Irrevocable Trust. (Doc. No. 409). Defendant Brian Ewert filed a response in opposition to the Motion. No other entity served by Plaintiffs filed a response.

Rule 69 of the Federal Rules of Civil Procedures provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Therefore, unless federal statute governs, the court looks "to the state statutes and decisions to determine the availability of supplemental proceedings." Fed. Deposit Ins. Corp. v. British-American Corp., 726 F. Supp. 622, 630 (E.D.N.C. 1989) (citing Defoe v. Town of Rutherfordton, 122 F.2d 342 (4th Cir. 1941)). Thus, the Court turns to North Carolina's statutes on Supplemental Proceedings in Article 31. At issue here is Section 1-358, which provides: "The court or judge may, by order, forbid a transfer or other disposition of, or any interference with, the property of the judgment debtor not exempt from execution."

Ewert argues that this Court does not have authority under section 1-358 to issue an injunction until the writ of execution has been returned unsatisfied and cites Harris v. Pinewood

2

Development Corporation., 627 S.E.2d 639, 642 (N.C. App. Ct. 2006). (Doc. No. 407 at 6, 7).

The North Carolina Court of Appeals in Harris stated:

> Defendants maintain that supplemental proceedings such as injunctive relief were not yet available because execution had not yet been returned unsatisfied, pursuant to N.C. Gen. Stat. § 1-352, which reads in pertinent part as follows:
>> When an execution against property of a judgment debtor, . . . is returned wholly or partially unsatisfied, the judgment creditor at any time after the return, . . . is entitled to an order from the court . . . requiring such debtor to appear and answer concerning his property . . . .
>
> N.C. Gen. Stat. § 1-352 (2005). Other remedies are available in N.C. Gen. Stat. § 1-355, which provides as follows:
>> Instead of the order requiring the attendance of the judgment debtor, the court or judge may, upon proof by affidavit or otherwise to his satisfaction that there is danger of the debtor leaving the State or concealing himself, and that there is reason to believe that he has property which he unjustly refuses to apply to the judgment, issue a warrant requiring the sheriff of any county where such debtor is to arrest him and bring him before the court or judge. Upon being brought before the court or judge, the debtor may be examined on oath, and, if it appears that there is danger of his leaving the State, and that he has property which he has unjustly refused to apply to the judgment, he shall be ordered to enter into an undertaking, with one or more sureties, that he will, from time to time, attend before the court or judge as directed, and that he will not, during the pendency of the proceedings, dispose of any property not exempt from execution. In default of entering into such undertaking, he may be committed to prison by warrant of the court or judge, as for contempt.
>
> N.C. Gen. Stat. § 1-355 (2005). In light of this statutory language, we conclude that the General Assembly has provided means by which the creditor may address problems with execution, but only after it has been returned wholly or partially unsatisfied, or if the terms of § 1-355 are met. We do not see that the legislature has authorized the procedure followed here. The record contains no evidence of other proceedings pending in 00CVS3117 at the time the preliminary injunction was granted. We conclude that the court did not follow the statutory procedures and it erred in granting a preliminary injunction against defendants.

Id. The precedent under Harris, thus, holds that courts have authority under N.C. Gen. Stat. § 1-355[1] before a writ of execution is returned wholly or partially unsatisfied but that supplemental proceedings such as injunctive relief are not available until a writ of execution is returned wholly or partially unsatisfied. Cf., e.g., Massey v. Cates, 162 S.E.2d 589, 591 (N.C. Ct. App. 1968) ("Article 31 provides for supplemental proceedings, equitable in nature, after execution against a judgment debtor is returned unsatisfied to aid creditors to reach property of every kind subject to the payment of debts which cannot be reached by the ordinary process of execution. These proceedings are available only after execution is attempted."); S & D Land Clearing v. D'Elegance Mgmt. Ltd., Inc., 34 F. App'x 885, 893 (4th Cir. 2002) ("Supplemental proceedings are not available under North Carolina law until an execution is attempted and is unsuccessful in whole or in part."). Therefore, to act in accordance with state "procedure on execution" and "proceedings supplementary to and in aid of judgment or execution[,]" Fed. R. Civ. P. 69(a)(1), this Court may not issue an injunction until the return of a writ of execution partially or wholly unsatisfied, absent governing federal statute.

Plaintiffs also rely on the federal statute, known as the All Writs Act, which provides, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Without addressing whether this statute affords the Court authority to issue the injunctions requested or issue the injunctions before return of the writ of execution, the Court exercises its discretion to not use this authority when the governing state law only allows

---

[1] Section 1-355 does not authorize the Court to issue an injunction. Instead, the court may "order[] [the judgment debtor] to enter into an undertaking, with one or more sureties, that he will, from time to time, attend before the court or judge as directed, and that he will not, during the pendency of the proceedings, dispose of any property not exempt from execution." N.C. Gen. Stat. § 1-355.

4

injunctions after the return of a writ of execution partially or wholly unsatisfied and 90 days from the issuance of the writ has not passed.  Cf. N.C. Gen. Stat. § 1-310.

THEREFORE, the Court DEFERS ruling on Plaintiffs' Motion for Injunctive Relief until the writ of execution against Ewert has been returned partially or wholly unsatisfied.

IT IS SO ORDERED.

Signed: June 19, 2018

Frank D. Whitney
Chief United States District Judge