# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INCORPORATED AND CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WDS, INC., JENNIFER MAIER AND BRIAN EWERT, | ) ) ) ) |
| Defendants. | ) |

## AMENDED MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Hold Brian Ewert, Diverse Label Printing, LLC and ODDS, LLC in Civil Contempt" (document # 438) and "Plaintiffs' Memorandum of Law in Support …" (document #438-1), both filed July 3, 2018. Plaintiffs seek an order directing Defendant Brian Ewert, Diverse Label Printing, LLC and ODDS, LLC to appear and show cause why they should not be held in civil contempt for violating the Court's April 30, 2018 Order ("Charging Order") (document #395) and for entry of appropriate sanctions. Defendant Ewert filed his "Response Brief to Plaintiffs' Motion to Hold Brian Ewert, Diverse Label Printing, LLC, and ODDS, LLC in Civil Contempt" (document #446) on July 17, 2018. Plaintiffs filed their "Plaintiffs' Reply in Support of Their Motion to Hold Brian Ewert, and ODDS, LLC in Civil Contempt" (document #448) on July 24, 2018.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. Upon consideration of the record, the arguments, and the

applicable authorities, the undersigned respectfully recommends that the Motion be <u>granted in part</u> as detailed below.

On April 30, 2018, the Court entered the Charging Order (document #395) directing all limited liability companies in which Defendant Ewert has an interest to "pay directly to Plaintiffs all distributions, allocations, dividends, or payments owing to [ Ewert] by such [limited liability companies] in satisfaction of the Judgment until the Judgment is satisfied." Document #395 at ¶¶ 2-4. The Order also "enjoined and prohibited [Ewert] from circumventing the terms or purposes of th[e] Order." <u>Id.</u> at ¶6.

Plaintiffs moved for contempt against Ewert, DLP and ODDS, LLC based upon their decision to stop payments to ODDS and enter into a "salary agreement" with Ewert, ODDS' payment of fees to Ewert's counsel, and DLP providing a salary advance to Tracy Ewert on account of her husband's ownership interest.

Ewert argues that Plaintiffs are focusing on actions and payments that occurred prior to entry of the Charging Order. He also disputes Plaintiffs' characterization of those actions and payments. He further argues that Plaintiffs have not demonstrated that ODDS or DLP made any "distributions, allocations, dividends, or any payment whatsoever to [him] on account of his ownership interest" following entry of the Charging Order.

Since the filing of this Motion, Ewert and DLP have both filed Chapter 11 bankruptcy in the Middle District of North Carolina. <u>See</u> documents #447 and #458. The automatic stay in 11 U.S.C. § 362 prevents Plaintiffs from continuing any judicial, administrative or other action against Ewert and DLP.

For the reasons stated in Plaintiffs' briefs, the undersigned respectfully recommends that ODDS, LLC be ordered to show cause why it should not be held in civil contempt for violating the Court's Charging Order and be subject to sanctions.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiffs' Motion to Hold Brian Ewert, Diverse Label Printing, LLC and ODDS, LLC in Civil Contempt" (document # 438) be **GRANTED IN PART**, and that Chief Judge Frank D. Whitney order ODDS, LLC to show cause why it should not be held in civil contempt for violating the Court's April 30, 2018 Charging Order and be subject to sanctions.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to this Memorandum and Recommendation must be filed within fourteen days after service of same. Failure to file objections with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: August 15, 2018

David S. Cayer
United States Magistrate Judge