UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00848-FDW-DSC

| | |
|---|---|
| CARGILL, INC., and CARGILL MEAT SOLUTIONS, CORP., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>WDS, INC., JENNIFER MAIER, and BRIAN EWERT, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on several pending post-judgment motions: Plaintiffs' Motion for Order to Show Cause (Doc. No. 438) and the related Memorandum and Recommendation (Doc. No. 461); Motion for an Order in Aid of Bankruptcy Proceedings filed by Diverse Label Printing, LLC, (Doc. No. 456); Plaintiffs' "Motion for Deadline to Respond to Ewert Filing and Emergency Motion for a Temporary Restraining Order as to RFS, Inc. and Refrigerated Trucking & Logistics, LLC," (Doc. No. 463); and Plaintiffs' Motion to Compel (Doc. No. 471).

Turning first to the Motion to Compel (Doc. No. 471), the record before the Court indicates the motion to compel is moot as the identified documents have now been produced (see Doc. No. 480). Plaintiffs appear to concede as much, evidenced by their reply brief limiting argument to "whether Tuggle Duggins should be required to pay Cargill's reasonable expenses incurred in making the motion to obtain documents the Court already ordered WDS and Tuggle Duggins to

1

produce." (Doc. No. 481, p. 3). While it is a close call under this record, the Court declines to award Plaintiffs expenses and attorneys' fees. The Court DENIES that portion of the motion.

Next, the Court turns to the remaining motions. After reviewing the record for the pending related bankruptcy cases, including <u>In Re: Diverse Label Printing, LLC</u>, 18-10792 (Bankr. M.D.N.C.); and <u>In Re: Brian Christopher Ewert</u>, 18-10838 (Bankr. M.D.N.C.), the Court finds the bankruptcy proceedings appear to be moving forward regarding control of assets and entities such that material circumstances may have changed during the pendency of these motions. In short, these motions are based on information now outdated because of the bankruptcy proceedings. Notably, Plaintiffs have appeared through counsel in the bankruptcy proceedings and are taking action to protect their interests. Because the bankruptcy proceedings appear to have mooted many of the issues presented in the remaining motions, the Court denies all motions as moot. This ruling is **<u>without prejudice</u>** for any party to refile the motion if the relief sought should be determined by this Court. Any refiled motion shall be updated to include the current status from the bankruptcy proceedings, as well as a full explanation of the basis for relief and whether it is permitted in light of the automatic stay of 11 U.S.C. § 362.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel (Doc. No. 471) is DENIED as moot in part and DENIED to the extent it seeks costs and attorneys' fees.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Order to Show Cause (Doc. No. 438) and the related Memorandum and Recommendation (Doc. No. 461); Motion for an Order in Aid of Bankruptcy Proceedings filed by Diverse Label Printing, LLC, (Doc. No. 456); Plaintiffs' "Motion for Deadline to Respond to Ewert Filing and Emergency Motion for a Temporary

Restraining Order as to RFS, Inc. and Refrigerated Trucking & Logistics, LLC," (Doc. No. 463), are DENIED AS MOOT without prejudice to be refiled, if appropriate, with updated information.

IT IS SO ORDERED.

Signed: March 4, 2019

Frank D. Whitney
Chief United States District Judge